IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BELLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-cv-41 |
| | ) Judge Stephanie L. Haines |
| CHRISTOPHR J. SCHMIDT and PETER WEEKS, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is an Amended Complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Charles Bellon ("Plaintiff") (ECF No. 11). Plaintiff is suing Christopher Schmidt ("Schmidt"), acting Deputy Attorney General for Pennsylvania (Blair County), and Peter Weeks ("Weeks"), District Attorney for Blair County (collectively "Defendants"). Plaintiff asserts that Defendants deprived him of his rights under the Fourteenth Amendment of the Constitution because no statutory authorization existed for the sentence imposed on Plaintiff denying him due process. ECF No. 11, p. 2. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

A.   **Standard of Review**

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108

---

[1] *See* ECF Nos. 1, 4 Plaintiff's Motion for Leave to Proceed in forma pauperis. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 9).

(3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint...is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."

*Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

  **B.**  <u>**Discussion**</u>

A truncated summary of the facts of this case is as follows. On April 5, 2007, Blair County imposed a sentence of 31 to 62 years incarceration for crimes committed by Plaintiff. In a Petition for Writ of Habeas Corpus filed at *Bellon v. Ferguson*, 3:15-cv-131-KRG-KAP (W.D. Pa. 2019), Plaintiff successfully pleaded that the maximum terms of imprisonment imposed as to 10 of the "possession with intent" counts of which he was convicted exceeded the statutory maximum, thus, an illegal judgment of sentence was imposed on him in violation of his due process rights. *See Bellon v. Ferguson* (ECF Nos. 76, 79, 80). This was, in part, made possible by an acknowledgment of ineffective assistance of counsel that Plaintiff's defense attorney provided legal services that fell below an objective standard of reasonableness. The Court of Common Pleas of Blair County was directed to vacate the judgment of sentence imposed on Plaintiff and impose a new judgment of sentence taking into account the maximum sentence as to the counts at issue is 10 years. *See Bellon v Ferguson*, ECF Nos. 76, p. 16, 80, p. 2. On January 10, 2020, the Blair County Common Pleas Court resentenced Plaintiff to 31 to 46 years imprisonment. ECF No. 11, ¶ 12. Plaintiff, on December 17, 2021, nearly two years after being resentenced filed a Post-Conviction Relief Act ("PCRA") Petition. ECF No. 11, ¶ 23.[2]

Plaintiff substantively argues that this Court's previous order directed the Blair County Court to adhere to the 10-year statutory maximum for the possession with intent counts but did not

---

[2] Plaintiff states, "Plaintiff filed a PCRA Petition in the Blair County Court on December 17, 2021. The petition attacked the new judgment imposed on January 10, 2020. The petition was filed within one year of the date in which the 'January 2020' judgment sentence became final." ECF No. 11, ¶ 51. Plaintiff's math is wrong. Plaintiff had to have filed his PCRA Petition by January 10, 2021. Defendant Schmidt properly found the PCRA Petition untimely.

3

*require* Blair County to impose the statutory maximum of 10 years. ECF No. 11, ¶ 11. He argues that the new sentence was imposed without notification to or having the benefit of an attorney representing Plaintiff. ECF No. 11, ¶¶ 14-16. Plaintiff took a direct appeal and the sentence was affirmed by Pennsylvania Superior Court. ECF No. 11, ¶¶ 19-20. Plaintiff did not appeal this decision to the State Supreme Court and the judgment became final. ECF No. 11, ¶ 23.

Plaintiff's PCRA Petition filed on December 17, 2021, challenged the January 2020 sentence, presumably on the arguments laid out above, and also alleging ineffective assistance of counsel. ECF No. 11, ¶ 23. The PCRA Petition was sent to Defendants and was deemed untimely and upon several appeals this determination was affirmed and the State Supreme Court denied review. ECF No. 11, ¶¶ 24-33. The legal basis for the determination was 42 Pa. C.S. § 9545(b).

> **(b) Time for filing petition.--**
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, …
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa. Stat. and Cons. Stat. Ann. § 9545 (West). Using the original sentencing date Plaintiff is nearly 14 years delinquent in filing the PCRA Petition and using the amended sentence he is nearly one year past the PCRA Petition due date. Plaintiff states he is not challenging the state court's decisions to deny the appeal. Instead, he states that he "lodges a facial challenge to the statutes governing [the state courts'] decisions as he challenges to the constitutionality." ECF No. 11, ¶ 41.

Judge Pesto recommends this Court find Plaintiff's Complaint fails to state a claim without leave to amend. Judge Pesto draws this Court's attention to an earlier case filed by Plaintiff, *Bellon v. Shapiro*, 3:21-cv-100-NBF-KAP (W.D. Pa. Feb. 4, 2025), that was dismissed on the merits finding Defendant Schmidt was protected from liability under prosecutorial immunity. Judge

4

Pesto states that this case should be dismissed because it is repetitive of *Shapiro* and barred under the doctrine of *res judicata*. There was a final judgment on the merits in *Bellon v. Shapiro*, which involved the Pennsylvania Attorney General (Schmidt) as the defendant, related to the same facts as provided here. Given the similarities of the two cases, the current case is barred under *res judicata*. This doctrine also precludes arguments that could have been brought in the previous action but weren't. *See Hickox v. County of Blair*, 591 Fed. Appx. 107, 110 (3d Cir. 2014). It also stands to mention that substantively, Defendants remain protected by prosecutorial immunity. Plaintiff was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed timely objections (ECF No. 15), which the Court will consider below.

This Court first agrees with Judge Pesto's conclusions that this case is barred by *res judicata* and that Defendants are protected by prosecutorial immunity even given the Objections.[3] The new claim Plaintiff asserts of the unconstitutionality of the application of the statute still implicates the same parties and the same set of facts and the unconstitutional statute claim could have been raised previously. But this Court will, nevertheless, address Plaintiff's argument raised in the Objections. Plaintiff states that his Complaint is not the same as previous cases:

> [It] is not defined by an 'application of the statute to him' but instead, 'to the statute as 'authoritatively construed' by Pennsylvania courts or as applied to prisoners generally.' Consequently, the Pennsylvania courts has [sic] 'made no broad pronouncement about how the statute should be construed in all cases' and therefore, it [sic] unconstitutional.

---

[3] Whether a prosecutor is entitled to absolute immunity for his/her conduct is contingent upon the nature of the function the prosecutor was performing. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). In determining prosecutorial immunity questions, the court conducts a two-part analysis: (1) what conduct forms the basis for the plaintiff's cause of action; and (2) what "function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011). A court will find that absolute immunity applies when the claims against defendants implicate a prosecutor's advocacy function. *See Grubbs v. Univ. of Delaware Police Dep't*, 174 F. Supp. 3d 839, 856 (D. Del. 2016). In this case, Defendants were acting as advocates in determining that the PCRA Petition was untimely.

ECF No. 15, ¶ 11. Plaintiff takes issue with 42 Pa. C.S. § 9545(b) as it is applied by the Pennsylvania Courts. *See* ECF No. 15, ¶¶ 52-56. In summary, Plaintiff states that the statute prevents him and other prisoners the opportunity to have their day in court depriving them of their liberty interests.[4]

As stated above, the statute provides one year from the date a judgment becomes final, at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review, in which to file a PCRA Petition. Substantively, Section 9545 cannot be compared to the Texas statute in *Skinner* that was being applied inconsistently to bar the discovery of DNA evidence. Section 9545 provides a necessary timeframe in which to appeal a conviction; an appeal cannot be left available into perpetuity and Plaintiff does not provide any argument as to why one year is not constitutionally sufficient. Plaintiff also asserts that his Complaint is not about the application of the statute to him but as how it applies to prisoners in general. ECF No. 15, ¶ 11. With no factual basis on how other prisoners have been deprived of constitutional due process because of a one-year deadline to file a PCRA Petition the Court finds this assertion without merit.

As to Plaintiff's individual claim that Section 9545 is unconstitutional as applied to him this Court finds that claim lacks merit as well.[5] Plaintiff proffers no legitimate reason why he

---

[4] Plaintiff states his claim mirrors *Skinner v. Switzer*, 562 U.S. 521 (2011) (finding the claim Skinner's counsel presented that Texas Courts have 'construed the statute to completely foreclose any prisoner who could have sought DNA testing prior to trial[,] but did not[,] from seeking testing' postconviction' cognizable to call the validity of the conviction into question. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).

[5] The due process claim is based on the injury caused by this adverse state-court ruling, and it is exactly the type of claim a federal court cannot review. *See Cooper v. Ramos*, 704 F.3d 772, 780-81 (9th Cir. 2012) (reasoning that plaintiff's procedural due process claim that the state court "made it impossible" for him to utilize the DNA statute was dissimilar to *Skinner*, where the claim was that the Texas statute was inadequate as to any prisoner, and holding that *Rooker-Feldman* barred plaintiff's claim); *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1263-64 (11th Cir. 2012) (holding that *Rooker-Feldman* barred plaintiff's procedural due process claim that the state court's denial of access to DNA testing caused him injury, reasoning that it was unlike the claim in *Skinner* that Texas's DNA statute as "authoritatively construed" was unconstitutional). *Wade v. Monroe Cnty. Dist. Att'y*, 800 F. App'x 114, 119 (3d Cir. 2020).

could not file the PCRA Petition within the timeframe provided by the statute. Plaintiff was not denied procedural due process or a right of appeal, in fact, given the background of cases filed by Plaintiff, Plaintiff has benefitted from a rich history of due process. His argument now amounts to the fact that he doesn't like that he missed a transparent and obvious deadline to file the PCRA Petition; these facts do not support the allegations of a constitutional violation. Finally, Plaintiff has not set forth any argument about how the Pennsylvania Courts apply Section 9545 in a way that is confusing or "authoritatively construed" making it unconstitutionally applied.

Upon review of the record and the Report and Recommendation (ECF No. 12) pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff has failed to state a claim upon which relief can be granted. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." The Court finds amendment of the Complaint to be futile given the many cases already filed on the same set of facts by Plaintiff.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 26th day of November, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 12) is adopted as supplemented as the Opinion of the Court and;

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 15) are overruled; and

IT IS FURTHER ORDERED that the Amended Complaint (ECF No. 11) is dismissed with prejudice.

The Clerk is to mark this case closed.

Stephanie L. Haines
United States District Judge